**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MICHAEL COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:26-cv-00019-NCC |
| ) | |
| UNKNOWN HINMAN and ) | |
| UNKNOWN HARRIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of self-represented Plaintiff Michael E. Cox's Application for leave to proceed in forma pauperis. Doc. 2. For the reasons discussed below, the Court will deny the Application and dismiss this case without prejudice. The Court will also deny as moot Plaintiff's Motion to Appoint Counsel.

**II.     Background**

Plaintiff is incarcerated in the Cape Girardeau County Jail. He filed the Complaint pursuant to 42 U.S.C. § 1983 against correctional officer Hinman and Sergeant Harris in their official capacities. Plaintiff sets forth his statement of claim in a long and confusing narrative, and it is difficult to discern his claims for relief. Condensed and summarized, Plaintiff alleges as follows.

Harris ordered a correctional officer to dispose of Plaintiff's legal papers, stamps, envelopes, paper, and Bible. Next, Plaintiff writes: "My left leg is shorter 1 ½ inches shorter than the right one and I can't stand up long I was hit in my jaw by C.O. Hinman with a elbow the hold left side of my face went black. He knocked out a teeth I have to have one pull." Doc. 1 at 4 (The Court quotes the Complaint verbatim without noting or correcting errors in the original).

Plaintiff states he is seeing black dots and must sit down or he will faint.  He states he tried to spit blood from his mouth onto the floor "thats when he tryed to break my Hands and Arms See Video Camera in S-Pod . . . and See C.O. Hinman Body Cam."  Doc. 1 at 4-5.  Plaintiff states that after the assault, Hinman refused to let him see the nurse.  Plaintiff refused a breathing treatment to avoid riding in the elevator with Hinman because Hinman said he would kill him and get away with it.  Hinman also "pull out pepper spray to spray me videos and body-cam will show it all."  *Id*. at 5.

Next, Plaintiff writes: "On 1/16/26 I seen Sgt. Harris and he told me I had assaulted his officer and I told him I wasn't written up for assault I was written up for disobeying and order.  That a lie I caught the handcuffs See Videos, Cameras in S-Pod . . . and Hinman Body-Cam."  *Id*. Lastly, Plaintiff states a doctor told him he could have orthopedic shoes.  Plaintiff states he wore orthopedic shoes on the street, and that stopped his pain.  He writes:  "I'm in pain every day and under imminent danger of serious physical injury.  Sgt. Harris took our Bibles and Koran and legal work and threw it away that's our 1st Amendment to have our Bibles and Koran that a violation of our 1st Amendment."  *Id*. at 6.

Where the form complaint provides space for Plaintiff to describe his injuries, he writes: "I had 2 teeth knocked out and I'm waiting now to get another one pulled and mouth busted and jaw bruised and ear infection and see black dot see nurses report and left hand thumb.  Hurt to move.  See videos."  *Id*.  Plaintiff does not clearly allege that either Defendant or any other jail official is denying or intentionally delaying his access to orthopedic shoes or any form of medical care.  Plaintiff seeks damages totaling $700,000.

**II.     Discussion**

Plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915(h), and subject to the provisions of the Prison Litigation Reform Act of 1996 ("PLRA"). The PLRA "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of those reforms is what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Review of this Court's files shows that Plaintiff has, on 3 prior occasions while incarcerated or detained, brought an action that was dismissed on the grounds that it failed to state a claim upon which relief may be granted. *See Cox v. Unknown Kym*, No. 1:15-cv-00083-ACL (E.D. Mo. May 20, 2015); *Cox v. Davis, et al.*, No. 1:18-cv-00185-RLW (E.D. Mo. Sept. 5, 2018); *Cox v. Carter, et al.*, No. 1:20-cv-00012-DDN (E.D. Mo. May 12, 2020). As a result, this Court cannot grant Plaintiff's Application to proceed in forma pauperis unless his Complaint demonstrates that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Having thoroughly reviewed and liberally construed the Complaint, the Court finds it does not show that Plaintiff is under imminent danger of serious physical injury. Plaintiff alleges that Hinman hurt him in the past and refused to let him see the nurse, said he would kill him and

3

get away with it, and pulled out a can of pepper spray.  But Plaintiff's allegations of past harm do not trigger the exception to section 1915(g), *see Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), and Plaintiff does not allege facts that would allow this Court to conclude that he currently faces a specific and genuine threat of serious physical injury.  Plaintiff also alleges he was deprived of legal papers, stamps, stationery, and religious texts, but clearly those allegations do not describe imminent danger of serious physical injury.  Plaintiff's remaining allegations are simply too vague to allow the Court to conclude that Plaintiff is in imminent danger of serious physical injury.

As a result, the Court cannot allow Plaintiff to proceed in forma pauperis.  The Court will therefore deny Plaintiff's Application to proceed in forma pauperis and dismiss this case without prejudice to being refiled as a fully-paid complaint.  Because the Court is dismissing this case at this time, the Court will deny as moot Plaintiff's motion seeking appointed counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for leave to proceed in forma pauperis, Doc. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to being refiled as a fully-paid complaint.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. 3, is **DENIED** as moot.

Dated this 17th day of February 2026.

_John A. Ross_
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE